Albert Gordon MacRAE and Sheila MacRae, Martin Melcher and Doris Day Melcher, Jerome B. Rosenthal and Ruth B. Rosenthal, Samuel P. Norton and Beatrice Norton, Appellants,

v.

Robert RIDDELL, District Director of Internal Revenue, etc., et al., Appellees.

Nos. 19693–19695, 19699.

United States Court of Appeals
Ninth Circuit.
July 20, 1965.

Harland N. Green, Michael E. Schwartz, Rosenthal, Cook & Green, Cohen & Bricker, Kaplan, Livingston, Goodwin & Berkowitz, Samuel P. Norton, Beverly Hills, Cal., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harold C. Wilkenfeld, Jonathan S. Cohen, Harry Marselli, Attys., Dept. of Justice, Washington, D. C., Manuel L. Real, U. S. Atty., Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Div., Los Angeles, Cal., for appellees.

Before CHAMBERS and BROWNING, Circuit Judges, and TAVARES, District Judge.

CHAMBERS, Circuit Judge:

May the tax court, for a case pending before it, permit the issuance of subpoenas duces tecum (with the body of the subpoena in blank) to be completed by counsel and then, after it finds out what text counsel has put in it, cancel the subpoena?

On the facts of this case, we hold the tax court may do just that.

The appellants have cases with a common issue pending in the tax court. They obtained the blank subpoenas from the tax court [1] and filled them out to name the district director of Internal Revenue at Los Angeles as the witness and commanded him to produce reports, memoranda and other office documents showing how the director internally had handled cases similar to those of these appellants. The director moved to quash, and a tax court judge granted the motion.

Of course, by statute the power to enforce subpoenas of the tax court is placed with the district courts.[2] The tax court adjudicates, but it has no contempt powers and no long arm of enforcement (the marshal). Conceiving that in issuing the subpoena the tax court had spent its authority, appellants filed a petition in the district court to enforce the subpoenas as completed by them. The district court dismissed, ruling it was without jurisdiction. We assume the ruling meant "no proper jurisdiction" rather than "no power to act."

The tax court, for reasons of convenience, has provided for subpoenas in blank,[3] obviously to relieve administrative burdens of testing each one in advance. And, generally, little trouble results from letting the lawyers complete them.

Obviously the tax court could test subpoenas before issuance. Such is equivalent to imposing conditions on their issuance. We see little difference in letting subpoenas go out without restriction and then testing after issuance; that is, on a principle of condition subsequent.

Surely the tax court has some authority by virtue of being a court. It can tell a lawyer to sit down, although it has to get help to punish for contempt. We think it must have a right also to say what is its own act, whether it handles the proposition by condition before issuance or after issuance. Appellants'

1. Section 7456, Internal Revenue Act of 1954.

2. Section 7402, idem.

3. Rule 44, Rules of Practice of the Tax Court.

position would deny the tax court even an orderly house, on the theory that the Congress in giving the enforcement power to the district court bumbled into such a thing as is presented here. We do not think Congress ever intended to do such a thing.

If the tax court's ruling was wrong, in due time it can be corrected here on review of the case.

The judgments of dismissal are affirmed.